**SO ORDERED.**

**SIGNED this 20th day of August, 2026.**

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Battle, Michelle xxx-xx-9496 | ) | |
| 1432 Bridford Parkway, Apt. C | ) | Case No. 25-10494 C13-G |
| Greensboro, NC 27407 | ) | |
| Debtor | ) | |
| ------------------------------------------------------- | ) | |
| Anita Jo Kinlaw Troxler, | ) | |
| Standing Trustee | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 26-02036 |
| vs. | ) | |
| | ) | |
| Exeter Finance LLC | ) | |
| Defendant. | ) | |

**<u>CONSENT JUDGMENT AVOIDING PREFERENCE</u>**

THIS CAUSE comes before the undersigned United States Bankruptcy Judge for the Middle District of North Carolina upon the Complaint of Anita Jo Kinlaw Troxler, Standing Trustee, for a judgment to avoid the lien in favor of the Defendant, Exeter Finance LLC (hereinafter “Exeter”), on a 2020 Kia Optima, Vehicle Identification Number 5XXGT4L36LG405477 (hereinafter "the automobile") titled in the name of the Debtor Michelle Battle (hereinafter “the Debtor”), by and with the consent of the parties.

The Court, after considering the pleading, finds and concludes as follows:

1. This Court has proper and personal jurisdiction over the subject matter hereof and the parties hereto pursuant to 28 U.S.C. §§151, 157, and 1334, and Standing Order No. 10 entered by the United States District Court for the Middle District of North Carolina on or about August 10, 1984.

2. Venue is proper in this District pursuant to 28 U.S.C. §1409 in that this is an action arising in or related to a proceeding arising under Title 11 of the United States Code which is pending in this District, and this is a core proceeding within the meaning of 28 U.S.C. §157.

3. On July 31, 2025, the Debtor filed a voluntary petition under Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of North Carolina (hereinafter "the Petition Date"), and on August 11, 2025, the Trustee was appointed and is duly qualified and acting as Trustee.

4. Defendant, Exeter is a corporation duly incorporated in the State of Delaware.

5. On or about September 24, 2025, Exeter filed a proof of claim as a secured creditor in the amount of $23,250.92 documenting a security against the automobile.

6. On June 28, 2025, the Debtor executed a note and security agreement with Terry Lebonte Chevrolet in Greensboro NC. The note and security agreement were held by Exeter at the time the Chapter 13 petition was filed.

7. The Trustee is informed and believes that the Debtor had possession of the automobile on or about June 28, 2025.

8. The lien in favor of Exeter was perfected in accordance with North Carolina General Statutes §20-58.2 on July 30, 2025. The documents necessary to perfect the lien in favor of Exeter were delivered to the North Carolina Department of Motor Vehicles on or about July 30, 2025, more than 30 days after the Debtor received possession of the automobile.

9. The perfection of Exeter's security interest in the automobile was within 90 days prior to the Petition Date.

10. The perfection of the security interest was a transfer of the property of the Debtor and made to or for the benefit of Exeter; for or on account of an antecedent debt; made while the Debtor was insolvent; and enables Exeter to receive more than it would have received if (a) the case were a case under Chapter 7 of Title 11; (b) the transfer had not been made; and (c) Exeter had received payment of such debt to the extent provided by the provisions of Title 11.

11. The transfer and perfection of the security interest in the automobile is avoidable by the Trustee pursuant to 11 U.S.C. §547 and by reason of the failure of Exeter to perfect its security interest within 30 days after the Debtor received possession of the automobile, the perfection does not constitute a contemporaneous exchange under 11 U.S.C. §547(c)(1).

## CONCLUSIONS OF LAW

The transfer and perfection of the security interest in the automobile is avoidable by the Trustee pursuant to 11 U.S.C. §547.

Based on the foregoing findings of fact and conclusions of law and with the consent of the Plaintiff and Defendant subscribed hereto, it is

**ORDERED, ADJUDGED AND DECREED** that the lien of Exeter, or its successors in interest or assigns, is avoided pursuant to 11 U.S.C. §547 and the claim of Exeter, or its successors in interest or assigns, is allowed as a general unsecured claim; and it is further

**ORDERED, ADJUDGED AND DECREED** that the certificate of title to the automobile be forwarded by Exeter, or its successors in interest or assigns, to the Trustee, to be retained by the Trustee; and it is further

**ORDERED, ADJUDGED AND DECREED** that upon dismissal of the case, the Trustee shall return the certificate of title to Exeter, or its successors in interest or assigns, and the lien of Exeter, or its successors in interest or assigns, is reinstated pursuant to 11 U.S.C. §349(b)(1)(B); and it is further

**ORDERED, ADJUDGED AND DECREED** that upon the conversion of this case to Chapter 7, the Trustee shall deliver the certificate of title to the Chapter 7 Trustee, and Exeter, or its successors in interest or assigns, shall be required to release the lien on the title to the automobile; and it is further

**ORDERED, ADJUDGED AND DECREED** that upon this Court entering an Order of discharge of the Debtor in this Chapter 13 case, Exeter, or its successors in interest or assigns, shall be required to release the avoided lien on the title to the automobile.

[Signatures continued on next page]

CONSENTED TO AND ACCEPTED:

EXETER FINANCE LLC

By: */s/Eudora F. S. Arthur*
Eudora F. S. Arthur, N.C. State Bar No. 59854
Womble Bond Dickinson (US) LL
Attorney for Exeter Finance LLC
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
Email: dorie.arthur@wbd-us.com

By: */s/Jennifer R. Harris*
Jennifer R. Harris, N.C. State Bar No. 26857
Attorney for Plaintiff
Anita Jo Kinlaw Troxler, Standing Trustee
P.O. Box 1720
Greensboro, NC 27402-1720
Telephone: (336) 378-9164
Email: jrharris@chapter13gboro.com

END OF DOCUMENT

PARTIES TO BE SERVED
PAGE 1 OF 1
25-10494
ADV PROC NO 26-02036

ELECTRONIC SERVICE:

Eudora F.S. Arthur

Jennifer R Harris

John Paul H. Cournoyer, Bankruptcy Administrator

REGULAR MAIL:

ATTENTION OFFICER
EXETER FINANCE LLC C/O AIS PORTFOLIO SERVICES, LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA, OK 73118

ATTENTION OFFICER
EXETER FINANCE LLC
2101 WEST JOHN CARPENTER FREEWAY
IRVING, TX 75063

MICHELLE BATTLE
1432 BRIDFORD PARKWAY APT C
GREENSBORO NC 27407

B PETER JARVIS
TENNANT & JARVIS PC
10706 N MAIN ST
P O BOX 4585